IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs<br><br>ONE 2003 M/V EDGEWATER VESSEL (Hull No. DMA03540L2032008) Named T/T Gan Gan, Registration ID No. PR1163AC and Appurtenances<br>Defendant | CIVIL 12-1783CCC |

**OPINION AND ORDER**

On September 21, 2012 the United States filed a "Verified Complaint for Forfeiture *In Rem*" (hereinafter the "Complaint") against the defendant, One 2003 M/V Edgewater Vessel, Hull No. DMA03540L2032008, named T/T GAN GAN, Registration I.D. No. PR1163AC and Appurtenances Docket No. 1. Before the Court is a Motion to Strike Claim and for Default Judgment filed on July 15, 2014 (**docket entry 16**). No opposition was filed by Claimant Angel Alvarez-Freiría (hereinafter "Alvarez").

**A.   Factual Allegations**

On March 13, 2013, Alvarez was served a copy of the Notice of Complaint and the Complaint (docket number 7). On March 27, 2013, Alvarez filed a "Verified Claim Opposing the Forfeiture" whereby he claimed to be the legal and registered owner of the Defendant property, and as such, was claiming ownership (docket entry 6). Alvarez timely filed a Motion to Dismiss for Lack of Jurisdiction on April 17, 2013 (docket number 9). The United States filed a response to Alvarez' motion to dismiss on April 24, 2013 (docket number 10).

CIVIL 12-1783CCC                     2

On or about April 24, 2013, while contesting the forfeiture, Alvarez notified his insurer, Universal Insurance Company (hereinafter "Universal"), of the forfeiture proceeding and also filed an insurance claim for the defendant property.  As of April 24, 2013 Alvarez entertained negotiations with Universal as to payment for the forfeited Defendant property.  On August 7, 2013 Alvarez signed a "Transfer and Assignment of Rights" in favor of Universal whereby Universal paid Alvarez the sum of $46,000.00 and Alvarez signed over his proprietary interest in the defendant vessel to Universal.  During and after said negotiations took place, Alvarez continued to contest the forfeiture. Subsequently, on February 24, 2014, Alvarez' Motion to Dismiss for Lack of Jurisdiction was denied.  No responsive pleading or any other document was ever filed by Alvarez.

**B.    Analysis**

Supplemental Rule G(5)(b) states in its pertinent part that "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim."  Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure requires the party that has filed a Motion to Dismiss to file a responsive pleading within fourteen (14) days after notice that its Motion to Dismiss was denied.

Alvarez' motion to dismiss was denied by this Court on February 24, 2014, making his answer to the verified complaint due on March 10, 2014.  At almost a year to the date, no answer has been filed.

Alvarez having failed to plead or otherwise defend this action, the United States is entitled to judgment by default. Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to

CIVIL 12-1783CCC                             3

enter a default judgment against Alvarez for the relief sought by the Government in the Verified Complaint.

Furthermore, Alvarez lacks standing to claim the Defendant property not only for the failure to answer the Verified Complaint, but also because he voluntarily relinquished any and all proprietary interest in the Defendant property. Pursuant to Supplemental Rule G(8)(c)(i)(A), at any time before trial, the Government may move to strike a claim or answer for failure to comply with Supplemental Rule G(5) or (B) because the claimant lacks standing. In the instant case Alvarez has failed on both counts.

Standing refers to the threshold burden that a claimant must satisfy to contest a forfeiture action. Standing in civil forfeiture proceedings has two requirements: constitutional standing and statutory standing. In order to show constitutional standing under Article III sufficient to challenge a forfeiture of property, a party "must first demonstrate an ownership or possessory interest in the seized property in order to have standing to contest the forfeiture." United States v. 116 Emerson Street, 942 F.2d 74, 78 (1st Cir. 1991) (Emphasis ours).

"It is well established that in order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise, there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts." United States v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538, 1543 (11th Cir. 1987); see also United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1140 (9th Cir. 2008) ("To demonstrate Article III standing in a civil forfeiture action, a claimant must have a sufficient interest in the property to create a case or controversy.") (citations and internal quotation

CIVIL 12-1783CCC                              4

marks omitted).  "Article III standing exists only if the claimant has a legally cognizable interest in the property that will be injured if the property is forfeited to the government." United States v. $7,000.00 in U.S. Currency, 583 F.Supp. 2d 725, 729 (M.D.N.C. 2008) (citations and internal quotation marks omitted). "[A] claimant bears the burden of establishing his own constitutional standing at all stages in the litigation . . . . [A]t the summary judgment stage, a claimant must prove by a preponderance of the evidence that he has a facially colorable interest in the res such that he would be injured if the property were forfeited to the United States; otherwise, no case or controversy exists capable of federal court adjudication." United States v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1273 (10th Cir. 2008).

     In a civil forfeiture case, the Government is the plaintiff, the property is the defendant, and the claimant is an intervenor seeking to challenge the forfeiture action.  As an intervenor, the claimant must establish that he has sufficient interest in the property to invoke the court's jurisdiction. If the claimant does not have a real interest in the property, there is no "case or controversy," and consequently no basis for the court to exercise jurisdiction under Article III of the Constitution.  For that reason, the claimant's Article III standing is a threshold issue in every civil forfeiture case.  See Via Mat International South America, Ltd. v. United States, 446 F.3d 1258, 1262 (11th Cir. 2006) (standing is the threshold question in every federal case, determining the power of the court to entertain the suit), quoting Warth v. Seldin, 422 U.S. 490, 498 (1975); 5208 Los Franciscos Way, 385 F.3d at 1191 ("Article III standing must be determined as a threshold matter in every federal case").

CIVIL 12-1783CCC                              5

On or about April 24, 2013, while contesting the forfeiture, Alvarez notified Universal of the forfeiture proceeding and also filed an insurance claim for the defendant property.  As of that date Alvarez entertained negotiations with Universal requesting payment for the forfeited Defendant property.  On August 7, 2013, upon Alvarez signing a "Transfer and Assignment of Rights" and a Release Letter and Subrogation in favor of Universal, Universal paid Alvarez the sum of $46,000.00.  See Exhibits I and II to plaintiff's Motion to Strike Claim (docket entry 16).  In consideration of such payment, Alvarez assigned all of his rights, claims and interest in the Defendant Property to Universal.  See Exhibit III to plaintiff's Motion to Strike Claim (docket entry 16).  Universal has never exercised its rights over the Defendant property even though it was well aware of the forfeiture proceeding.

For the reasons stated above, not only has Alvarez failed to answer the Complaint but also has lost all proprietary interest in the Defendant Property.  Given these circumstances, Supplemental Rule G(8)(c) allows the Court to enter judgment by default in favor of the Government.  Accordingly, plaintiff United States' Motion to Strike Claim and for Default Judgment filed on July 15, 2014 (**docket entry 16**) is GRANTED.  Judgment by Default shall be entered against defendant Alvarez by separate order.

SO ORDERED.

At San Juan, Puerto Rico, on February 27, 2015.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge